**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **In re:** <br> **WILLIAM BRENT VIRKUS** <br> Debtor <br> _____/ | Chapter 13 <br> Case No. 19-43275 <br> Hon. Marci B. McIvor |
| **NATHAN V. BALKO and** <br> **KATHERINE E. LIPPMAN** <br> Plaintiffs <br><br> v. <br><br> **WILLIAM BRENT VIRKUS** <br> Defendant <br> _____/ | Adv. Proc. 19- |

**METRO DETROIT BANKRUPTCY LAW GROUP**
**BY: STUART SANDWEISS (P60921)**
ATTORNEYS FOR PLAINTIFFS
18481 West Ten Mile Rd., Suite 100
Southfield, MI 48075-2 621
(248) 559-2400  Fax (800) 577-1716
stuart@metrodetroitbankruptcylaw.com
_____/



**COMPLAINT FOR NON-DISCHARGEABILITY**

Plaintiffs through counsel, for their Complaint for Non-Dischargeability states:

Page 1 of 5

## PARTIES AND JURISDICTION

1. On or about March 7, 2019 Defendant filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court, E.D. Michigan where it was assigned Case No. 19-43275 and assigned to Judge Marci B. McIvor.

2. Plaintiffs are individuals who reside in Detroit, Michigan.

3. This Court has jurisdiction over this proceeding pursuant to 28 USC §1334.

4. This matter is a core proceeding pursuant to 28 USC §§157(b)(2)(I) and (J).

5. Venue is proper in this Court pursuant to 28 USC §1409.

6. This action is filed pursuant to 11 USC §523(a)(2)(A) and/or 11 USC §523(a)(4).

## FACTUAL ALLEGATIONS

7. On October 26, 2018 Plaintiffs obtained a Judgment (the "Judgment - Exhibit 1) against Defendant in the State of Michigan, Wayne County Circuit Court (Case No. 16-017586-CK).

8. The Judgment provides that "Judgment is hereby entered in favor of Plaintiffs, on their claims of Fraud and violations of the



Page 2 of 5

Michigan Consumer Protection Act, against Defendants William Brent Virkus and Motor City Design Building, LLC, jointly and severally, in the amount of Three Hundred Sixty-Four Thousand Six Hundred Seven Dollars and 88/100 ($364,607.88) the Reasoned Award of Arbitrator, attached hereto as Exhibit A, is incorporated into the Judgment."

9. As Defendant testified during his 341 Meeting, in order to attempt to avoid paying this Judgment, Defendant filed his Chapter 13 bankruptcy petition.

10. Plaintiffs now seek to have their judgment adjudicated as non-dischargeable pursuant to 11 USC §523.

### COUNT I - NON-DISCHARGEABILITY OF DEBT<br>TO PLAINTIFF BASED ON 11 USC §523

11. Plaintiffs incorporates all other paragraphs of this Complaint into this Count by reference.

12. 11 USC 523(a)(2)(A) provides that

(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —

        (A) false pretenses, a false representation, or actual



Page 3 of 5

> fraud, other than a statement respecting the debtor's or an insider's financial condition;

> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

13. In this case, as both the Judgment and the arbitrator's award attached to the Judgment indicate, Plaintiff's Judgment against Defendant is based upon fraud for money, property, and/or services obtained by fraud committed by Defendant while acting in a fiduciary capacity for Plaintiffs.

14. Pursuant to the *Rooker-Feldman* doctrine and the principles of *res judicata* and/or collateral estoppel, the state court's determination is binding on this Court.

15. Accordingly, Plaintiff asks this Court for a determination that Defendant's obligations to Plaintiff are non-dischargeable based on 11 USC §523 -- including 11 USC §523(a)(2)(A) and/or 11 USC §523(a)(4).

Wherefore, based on the foregoing, Plaintiff asks this Court for a determination that Plaintiffs' Judgment against Defendant Debtor is non-dischargeable pursuant to 11 USC §523 -- including 11 USC §523(a)(2)(A) and/or 11 USC §523(a)(4).



METRO DETROIT
BANKRUPTCY LAW GROUP

_____
By: STUART SANDWEISS (P60921)
Attorneys for Plaintiff
18481 West Ten Mile Road, Suite 100
Southfield, Michigan 48075
(248) 559-2400  Fax (800) 577-1716
stuart@metrodetroitlitigation.com

Dated:     June 13, 2019



Page 5 of 5

16-017586-CK   FILED IN MY OFFICE   WAYNE COUNTY CLERK   10/26/2018 2:13 PM   Rita Causey   Cathy M. Garrett

# EXHIBIT 1

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NATHAN V. BALKO and
KATHERINE E. LIPPMAN,

          Plaintiffs/Counter-Defendants,

v.

WILLIAM BRENT VIRKUS, Individually;
MOTOR CITY DESIGN BUILD, LLC;
LISA LAWTON-VIRKUS, Individually;
and EDGE REALTY, LLC,

          Defendants/Counter-Plaintiffs.

**Case No. 16-017586-CK**
Hon. Craig S. Strong

---

**GARY D. REEVES (P35902)**
*Counsel for Plaintiffs/Counter-Defendants*
Viviano, Pagano & Howlett, PLLC
48 S. Main Street, Suite 2
Mount Clemens, Michigan 48043
(586) 469-1580
greeves@vivianolaw.com

**KATHERINE E. LIPPMAN (P80924)**
*Co-Counsel for Plaintiffs/Counter-Defendants*
19270 Canterbury Road
Detroit, MI 48221-1862
(586) 393-0621
Katherine.lippman@gmail.com

**RICHARD H. CLARK (P69849)**
*Attorney for Defendants/Counter-Plaintiffs,
William Brent Virkus, Motor City Design Build,
LLC and Co-Counsel for Lisa Lawton-Virkus, Only*
Law Office of Richard H. Clark, PLLC
30833 Northwestern Hwy., Suite 224
Farmington Hills, MI 48334
(248) 626-3723
richclark@clarkclarklaw.com

---

## ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT FOR PLAINTIFFS

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on: _____10/26/2018_____

PRESENT: ____CRAIG STRONG____
          CIRCUIT COURT JUDGE

1

16-017586-CK   FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   10/26/2018 2:13 PM   Rita Causey

This matter having come before the Court on Plaintiffs' Motion to Confirm Arbitration Award and for Entry of Judgment and a hearing having been held and the Court having considered the Parties written submissions and being otherwise being fully advise in the premises;

IT IS HEREBY ORDERED that Plaintiffs' Motion to Confirm Arbitration Award and For Entry of Judgment is granted.

## JUDGMENT FOR PLAINTIFFS

IT IS ORDERED that Judgment is hereby entered in favor of Plaintiffs, on their claims of Fraud and violations of the Michigan Consumer Protection Act, against Defendants William Brent Virkus and Motor City Design Build, LLC, jointly and severally, in the amount of Three Hundred Sixty-Four Thousand Six Hundred Seven Dollars and 88/100 ($364,607.88) the Reasoned Award of Arbitrator, attached hereto as **Exhibit A**, is incorporated into the Judgment.

IT IS FURTHER ORDERED that the Court confirms and incorporates the findings of fact and law and the determination of damages in the Reasoned Award of Arbitrator, attached hereto as **Exhibit A**, are incorporated herein as though fully set forth in this Judgment.

Date: _____10/26/2018_____    /s/ Craig Strong
                              CIRCUIT COURT JUDGE

16-017586-CK    FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    10/26/2018 2:13 PM    Rita Causey

# EXHIBIT A

16-017586-CK FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 10/26/2018 2:13 PM Rita Causey

ARBITRATION

NATHAN V. BALKO and KATHERINE E. LIPPMAN,

    Claimants,

v.

WILLIAM BRENT VIRKUS, individually;
MOTOR CITY DESIGN BUILD, LLC;
LISA LAWTON-VIRKUS, individually, and
EDGE REALTY, LLC,

    Respondents.
_____/

Arbitrator: Ronald A. Deneweth

Gary D. Reeves (P35902)
Viviano, Pagano & Howlett, PLLC
Counsel for Claimants
48 S. Main St.
Mount Clemens, MI 48043
(586) 469-1580
greeves@vivianolaw.com

Richard H. Clark (P69849)
Law Office of Richard H. Clark, PLLC
Counsel for Respondents, William Brent Virkus
and Motor City Design Build, LLC
30833 Northwestern Hwy., Suite 224
Farmington Hills, MI 48334
(248) 626-3723
richclark@clarkclarklaw.com

Katherine E. Lippman (P80924)
Attorney at Law
Co-Counsel for Claimants
1300 East Lafayette St., Suite 1610
Detroit, MI 48207
(586) 393-0621
Katherine.lippman@gm.com
_____/

## REASONED AWARD OF ARBITRATOR

Ronald A. Deneweth, being appointed as Arbitrator pursuant to the agreement of the Parties made at a mediation conducted by Kevin Gleeson as Mediator and as subsequently confirmed by Order of the Honorable Craig Strong, Wayne County Circuit Court Judge, and the

1

agreements made at the prehearing conference conducted by the Arbitrator on May 30, 2018, as outlined in the letter from the Arbitrator dated May 31, 2018:

The Arbitration hearings having been conducted on September 12, 13, and 14, 2018, with the Parties at all times agreeing to a Reasoned Award;

The Arbitrator finds in favor of Claimants, Nathan V. Balko and Katherine E. Lippman (hereinafter "Claimants"), against the Respondents William Brent Virkus (Virkus) and Motor City Design Build, LLC (MCDB) (hereinafter "Respondents"), jointly and severally, in the total amount of $364,607.88.

In support of this Award, the Arbitrator's reasoning includes the following:

1. This matter involves Claimants' claims against Respondents for fraud and violation of the Michigan Consumer Protection Act arising out of Claimants' acquisition of a vacant home at 19270 Canterbury in Detroit (Residence) and Respondents' Contract with Claimants to renovate/rehabilitate that Residence.

2. The Honorable Craig Strong ruled by Order dated 2-23-18, Wayne County Circuit Court Case No. 16-17586-CK (Claimants' Exhibit RR), that Respondents Virkus and MCDB were liable to Claimants under Claimants' ..."claims for Fraud and Violation of the Michigan Consumer Protection Act."

3. The Clamaints' Motion for Partial Summary Disposition upon which the above ruling was based clearly asks for judgment against Respondents Virkus and MCDB for fraudulent inducement and violation of the Michigan Consumer Protection Act.

4. The Arbitrator therefor takes the position that liability is already established against Respondents' Virkus and MCDB by Judge Strong and that the Arbitrator's responsibility is to determine the amount of damages to which the Claimants are fairly entitled as a result of the fraud and violation of the Michigan Consumer Protection Act, which the Circuit Judge has already determined as having been committed by Virkus and MCDB.

2

5. The Arbitrator's decision was especially persuaded by the following facts which came out during the three-day Arbitration:

    a. Respondent Virkus' wife, Lisa Lawton-Virkus, stood to benefit by virtue of a real estate commission as a percentage of any higher price that Claimants paid for the Residence.

    b. Respondents Virkus and MCDB were well aware that Claimants were first-time homebuyers and reliant upon the expertise professed to be held by Respondents in the acquisition of the Residence interwoven with the cost to renovate the Residence.

    c. Virkus chose the home inspector whose report upon which Claimants relied and paid full asking price for the Residence on the advice and/or acquiescence of Respondents.

    d. Based upon the defects identified in the inspector's report (Respondents' Exhibit A) and especially the clearly visible defects in the home to a reasonably knowledgeable home renovation contractor--such as sagging floors, obsolete and non-functioning windows, visible water damage, certain non-functioning plumbing, aged heating system and lack of air conditioning system, and the need for an entire new roof--Claimants should have been counseled by Respondents not to purchase the Residence or at least in the alternative to offer significantly less than the asking price.

    e. Witnesses John Adams and Aaron Whittaker credibly testified that Claimants should have been counseled by Respondents against purchasing the Residence, especially at the asking price.

    f. Both at the time that the Claimants entered into a contract for the purchase of the Residence and shortly thereafter during the due diligence period, Respondents well knew that a renovation that would reasonably meet the communicated needs of the Claimants could not be attained for Claimants' clearly disclosed budget of $155,380.50 as outlined in the Contract between the Parties (Claimants Exhibit BB).

g. Claimants would have never purchased the Residence, especially at a price of $280,000.00, had it been truly disclosed to them by Respondents the reasonable true cost to renovate the Residence to a reasonable standard anticipated or expected by Claimants.

h. The budget supplied to Claimants by Virkus and MCDB was intentionally vague so as to allow for costs to escalate well beyond Claimants' known available funds, which was limited by Claimants' loan proceeds of which Virkus and MCDB were well aware.

i. Respondents' failure to obtain building permits in connection with the renovation for work which Respondents well knew required a building permit and the assertion that the Claimants, as inexperienced first time homeowners, should be responsible for pulling permits.

j. Respondents' misrepresentations regarding his licensing status.

6. Claimants properly terminated Respondents' contract on October 24, 2017, for justifiable cause (Claimants' Exhibit FF), when one includes in this consideration Judge Strong's ruling and are entitled to the reasonable benefit of the bargain.

7. The Claimants were justified in turning to John Adams to assist them in their time of need after terminating Respondents, but are not entitled to be reimbursed for all costs charged by John Adams, because he was not licensed to perform plumbing and electrical work and some of his work had to be "re-done" by the subsequent completion contractor, Aaron Whittaker's firm, Grosse Pointe Home Services.

8. Claimants are not entitled to reimbursement for the full amount of anticipated costs to be charged by Grosse Pointe Home Services, because the Arbitrator determines that some of those costs are for work that exceeds the reasonable expectations of the Parties when they first contracted on June 21, 2016.

9. Claimants, in electing to terminate Respondents, and initially hiring John Adams, have taken considerable control over the schedule in completing the renovation of the Residence.

10. Plaintiffs are entitled to the following damages:

**Cost to Repair and Complete Renovation:**
| | |
|---|---|
| Michigan Construction Consulting Services (John Adams) | $ 43,091.59 |
| Grosse Pointe Home Services (Aaron Whittaker) | $ 204,625.50 |
| Less MCDB Contract Price of All Incomplete Work | <103,450.00> |

**Consequential Damages:**
| | |
|---|---|
| Loss of Use (through September 2019) | $ 72,000.00 |
| Credit Card and Personal Loan Interest (through 11/24/18) | $ .00 |
| Construction Loan Escrow Fees | $ 850.00 |
| Forfeited Stock Appreciation (through 7/19/18) | $ .00 |
| Maintenance, Management & Oversight by Plaintiffs (through 7/2/18) | $ 29,050.00 |

**Non-Economic Tort Damages:**
| | |
|---|---|
| Actual Counseling Costs (through 8/27/18) | $ .00 |
| Emotional Distress of Plaintiff Nathan Balko | $ 25,000.00 |
| Emotional Distress of Plaintiff Katherine Lippman | $ 25,000.00 |

**Exemplary Damages:**
| | |
|---|---|
| Exemplary Damages | $ 5,000.00 |

**Attorney Fees and Costs:**
| | |
|---|---|
| Gary Reeves, Lead Counsel (through 5/30/18) | $ 34,793.95 |
| Katherine Lippman, Co-Counsel (through 5/30/18) | $ 20,000.00 |
| Additional Legal Expenses (through 7/23/18) | $ 3,746.84 |

**Expert Fees:**
| | |
|---|---|
| Initial Review Fees (Handwriting Expert) | $ 3,660.00 |
| Testimony Fees | $ 1,240.00 |

| | |
|---|---|
| **Total Estimated Damages:** | **$364,607.88** |

11. This Award includes all interest to the date of the Award. Interest on this Award may accrue at the money judgment interest rate pursuant to MCLA 600.6013 from September 30, 2018.

12. This Award includes all claims and defenses between the Parties and is intended as a complete adjudication of any and all claims and defenses between the Parties.

5

13. Except for the amount of attorneys' fees and expenses awarded in Paragraph 10 above, neither Party shall be entitled to an award of any additional attorneys' fees or expenses and each Party shall be responsible for its own attorneys' fees and costs (including the costs of this Arbitration) incurred in this Arbitration and the Circuit Court litigation that preceded it.

The Arbitrator wishes to commend the lead attorneys for their professional demeanor displayed during the arbitration hearing and further commends the attorneys for their excellent presentations.

Respectfully submitted,

Date: September 30, 2018

By: /s/ Ronald A. Deneweth
Ronald A. Deneweth (P27680)
Arbitrator
1175 W. Long Lake Road, Suite 202
Troy, MI 48098-4437
(248) 290-0400 / (248) 290-0415 (fax)
Rdeneweth@ddp-law.com

540.395/071018 Reasoned Award